From William S. Rial, Greensburg, Pa.

## Metzger, Secretary of Revenue, v. Goelz et al.

P. Herbert Reigner, for plaintiff; George B. Balmer, for defendant.

SCHAEFFER, P. J., June 24, 1933. — The Commonwealth of Pennsylvania, through the Secretary of Revenue, has caused a sci. fa. sur tax lien to issue against Reading Wimsett Thrift Company, real owner of premises 229 Orange Street. To this sci. fa. the Thrift company has filed an affidavit of defense, and the Commonwealth has taken a rule for judgment for want of a sufficient affidavit of defense.

The facts from which the controversy arises are as follows:

Mary Goelz died owning the real estate in question, and title thereto devolved upon some collateral devisee. An inheritance tax of $180 was assessed. On October 1, 1932, a tax lien for this amount was filed in the office of the prothonotary. On October 8, 1932, the real estate upon which the tax was then a lien was sold by the sheriff to Reading Wimsett Thrift Company upon an execution for the collection of some other debt, and the proceeds of said sheriff's sale amounted to $1,005, which was more than sufficient to pay the Commonwealth's claim. No distribution to the Commonwealth being requested, the entire proceeds of the sale were distributed and paid to other lienholders. The Commonwealth now seeks to collect this unpaid inheritance tax from the Thrift company, the purchaser.

There is no question of an innocent purchaser without notice; the Thrift company admits that the Commonwealth gave notice of its claim at the sheriff's sale.

The sole question is whether the Commonwealth's lien was discharged by the sheriff's sale, sufficient funds having been there realized to pay said lien.

The Act of June 20, 1919, P. L. 521, imposing the tax, provides in article I, section 3, 72 PS § 2304: "The tax on real estate shall remain a lien on the real estate on which the same is chargeable until paid." Article IV, section 39, of said act, 72 PS § 2443, and section 2 of the amending Act of May 16, 1929, P. L. 1795, 72 PS § 2443, provide: "The lien of all taxes imposed by this act shall continue until the tax is settled and satisfied, and shall be limited to the property chargeable therewith."

In view of these explicit statutory provisions relating to this specific tax, general principles relating to the discharge of liens of other debts or other taxes by a sheriff's sale can have no application. The language of the statute is clear and unambiguous: "the tax . . . shall remain a lien . . . until paid"; "the lien . . . shall continue until the tax is settled and satisfied." There are no other conditions or stipulations; payment alone will discharge the lien of the tax. There is no other way pointed out by the law for the discharge of this lien: Shugars et al. v. Chamberlain Amusements Enterprises, Inc., 284 Pa. 200, 205.

The defendant relies largely upon the Act of May 22, 1895, P. L. 111, which in section 1 provides: "That the lien of all taxes now or hereafter to be levied or assessed against any real estate within this Commonwealth shall be divested by any judicial sale of such land: Provided, The amount of the purchase money shall equal the amount of said taxes." This act has not been specifically repealed: Miller v. Clawson, 28 Dist. R. 203; Bardine v. Samuels et al., 13 D. & C. 497. It governs in all cases where the legislature has not by subsequent statute provided otherwise. The Act of 1919, supra, imposing a collateral inheritance tax, must be considered as repealing the Act of 1895 as to such inheritance taxes. The latter declaration of the legislature must govern in the specific case. As stated by Judge Endlich in his Interpretation of Statutes, 288, sec. 216: "According to a familiar, every-day maxim, an exception is not a negation of a general rule. At least, it is so only to the extent of the exception; and if a statute recognizes the existence of the general laws, and creates an exception from them, it cannot be deemed repugnant to the former so as to repeal it. Hence, if there are two acts, or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also; and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision,—it must be taken that the latter was designed as an exception to the general provision." Hence, we must decide that the explicit language of the Acts of 1919 and 1929 excludes the lien of inheritance taxes from the operation of the earlier Act of 1895, and that consequently the lien here in question has not been discharged by the judicial sale because it has not been paid nor has it been settled and satisfied.

And now, to wit, June 24, 1933, the rule for judgment for want of a sufficient affidavit of defense is made absolute. From Charles K. Derr, Reading, Pa.